Robert Lee FAIRCHILD *v.* STATE of Arkansas

CR 80-53                                    600 S.W. 2d 16
Supreme Court of Arkansas
Opinion delivered June 16, 1980

*John W. Achor*, Public Defender, by: *James H. Phillips*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. Appellant, Robert Lee Fairchild, was convicted of aggravated robbery by a court sitting without a jury and sentenced to seven years imprisonment. The only question raised by appellant on appeal is whether the evidence was sufficient to sustain his conviction. Although we find sufficient evidence to support a conviction of robbery, we find insufficient evidence to sustain a conviction of aggravated robbery. We, therefore, modify the judgment below by reducing it to the lesser included offense of robbery and impose a sentence of three years imprisonment, that being the minimum prison sentence prescribed by law for a conviction of robbery.

The evidence indicates that on July 27, 1979, between 11:00 p.m. and midnight, appellant saw Mrs. Frances Calva, the prosecuting witness, near a double-door back entrance of the Checkmate Club in North Little Rock, rushed over and jerked the outer door open which she was holding and, with his right hand under his shirt, said, "Give me your money!" When Mrs. Calva denied that she had any money, appellant grabbed her dress lightly and insisted that she was lying. As she turned and tried to go in the inner back door, displaying only car keys in her hands, appellant retreated. He was later apprehended outside the club and taken to the police station for interrogation where he volunteered to a police officer that

he had tried to induce Mrs. Calva to believe that he had a gun by holding his hand under his shirt.

A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another. Ark. Stat. Ann. § 41-2103 (Repl. 1977). Physical force means any bodily impact, restraint, or confinement or the threat thereof. Ark. Stat. Ann. § 41-2101 (Repl. 1977). A person commits aggravated robbery if he commits robbery armed with a deadly weapon, or represents by word or conduct that he is so armed. Ark. Stat. Ann. § 41-2102 (Repl. 1977).

In reviewing the record of appellant's conviction, we are obliged to view the evidence in the light most favorable to the state. *Cary* v. *State*, 259 Ark. 510, 534 S.W. 2d 230 (1976). Although appellant first contends that there was insufficient evidence to show that he employed physical force against Mrs. Calva, we find that jerking the door from her, cornering her in the back hallway and grabbing her dress is sufficient restraint and bodily impact to constitute physical force. Appellant's next argument, however, that the evidence fails to establish that he represented by word or conduct that he was armed with a deadly weapon has merit. We are not persuaded that appellant's hand under his shirt, even with the admitted intention of conveying to the victim that he was armed, is sufficient representation to satisfy the requirements of aggravated robbery in the absence of the victim's appreciation that he was armed. It is clear from Mrs. Calva's testimony that she did not attach any special significance to this conduct and certainly did not perceive it to be in any way threatening. In fact, she did not even mention this particular conduct during her testimony until the prosecutor specially raised it by a leading question. Since the appellant's subjective intent does not control what is objectively conveyed to another, a hand under a shirt has no meaning in the context of the aggravated robbery statute unless the victim at least perceives it to be menacing.

Affirmed as modified.

FOGLEMAN, C.J., and STROUD, J., dissent.

JOHN A. FOGLEMAN, Chief Justice, dissenting. I respect-fully disagree with the majority. I would affirm the judgment. I submit that there is substantial evidence to support the trial judge's finding of fact that Fairchild represented by conduct that he was armed with a deadly weapon. In making the determination we must view the evidence in the light most favorable to the state. *Chaviers* v. *State*, 267 Ark. 6, 588 S.W. 2d 434 (1979); *Thomas* v. *State*, 266 Ark. 162, 583 S.W. 2d 32. We must draw from the testimony all reasonable inferences favorable to the trial court's judgment. *Core* v. *State*, 265 Ark. 409, 578 S.W. 2d 581. We should not reverse the trial court's fact-finding unless we find that a reasonable mind could not infer from the evidence that Fairchild's conduct was a repre-sentation that he was armed with a deadly weapon. *Core* v. *State*, supra. I submit that this cannot be said.

Viewed in the light in which we must view it, the evidence showed:

> Fairchild approached Mrs. Calva in the parking lot of the Checkmate Club at about 11:00 p.m. As she turn-ed to go to the back door of the club, he ran toward her, jerked the door open, stepped inside and said, "Give me your money." Mrs. Calva said, "I don't have anything but my keys" and showed him her hands and keys and turned to go into the inside of the club. When Fairchild first approached Mrs. Calva, he had one hand "up un-der his shirt" and kept it there during the entire con-frontation. His shirt was "out at the bottom." Fairchild made a statement to the police after he was arrested in which he stated that he had tried to make Mrs. Calva believe he had a gun by holding his hand under his shirt.

I find the majority's explanation of its disregard of appellant's statement baffling, to say the least. If appellant really intended his conduct to be a representation that he was armed with a deadly weapon, how can an appellate court on review say that the trier of fact has no reasonable basis for an inference that he engaged in conduct that was a representa-tion that he was so armed? When the testimony of Mrs. Calva

is considered, along with the statement, I submit that the trial court's drawing of the inference was reasonable and the majority's unreasonable.

In a closely analogous case, it has been held that evidence that one accused of robbery entered a bank with his hand in his pocket, instructed the bank manager not to sound the alarm and the tellers to hand over the money was sufficient to establish conduct reasonably calculated to produce fear. *United States* v. *Amos*, 566 F. 2d 899 (4 Cir., 1977). Obviously, the basis of the fear was that the hand in the pocket was a representation that the robber was armed with a deadly weapon. In *State* v. *Young*, 134 W. Va. 771, 61 S.E. 2d 734 (1950), it was held that when a man entered a room, found a defenseless woman alone, put his hand into his hip pocket and commanded her to take a certain position and then committed a robbery, he was guilty of armed robbery. The West Virginia Supreme Court equated the conduct with a "threat of firearms." Certainly, the conclusions of these courts are those of reasonable minds. The same reasoning would support the finding of fact here.

It seems to me that the majority is, in reality, displeased with the language of the statute. If this is the case, it should say so and, perhaps, the General Assembly would change it. Until it is changed, the courts shall not nullify it by deciding what inference a fact finder should have drawn from the conduct of the accused in a case like this one.

I am authorized to state that Mr. Justice Stroud joins in this opinion.