Wardell ALFAY *v.* STATE of Arkansas

CA CR 84-224                                    688 S.W.2d 951

Court of Appeals of Arkansas
Division I
Opinion delivered May 8, 1985

*William R. Simpson, Jr.*, Public Defender, by: *Thomas J. O'Hern*, Deputy Public Defender.

*Steve Clark*, Att'y Gen., by: *Sandra Tucker Partridge*, Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was convicted of aggravated robbery under Ark. Stat. Ann. § 41-2102 (Supp. 1983) and sentenced, as an habitual offender, to thirty years imprisonment under the provisions of Ark. Stat. Ann. § 41-1001 (Supp. 1983). His sole argument on appeal is that there was insufficient evidence to sustain his conviction on the charge. Our review of the record persuades us that the evidence was sufficient, and we affirm the judgment of the trial court.

Ark. Stat. Ann. § 41-2102 provides, in pertinent part, that:

(1) A person commits aggravated robbery as defined in Section 2103 of Act 280 of 1975 (Arkansas Statutes Annotated 41-2103) and he:

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed . . .

Appellant contends that the evidence upon which he was convicted was insufficient because the State did not prove the statutory element of his having represented himself "by word or conduct" as being armed with a deadly weapon. He cites *Fairchild* v. *State*, 269 Ark. 273, 600 S.W.2d 16 (1980), for the principle that, in the absence of the victim's belief that a suspect is armed, there is insufficient representation on the suspect's part to satisfy the requirements of aggravated robbery, even when the suspect approaches the victim with a hand concealed beneath his shirt. In *Fairchild*, the appellant rushed up to the State's witness and demanded her money. His right hand was hidden under his

shirt. When the witness denied having any money on her person, Fairchild "grabbed her dress lightly and insisted that she was lying." The witness then turned to go inside a private club, "displaying only car keys in her hands." At that point Fairchild withdrew. After his arrest, he volunteered information that he had attempted to induce the witness to believe that he was holding a gun. The Supreme Court noted that the witness appeared not to "attach any special significance" to Fairchild's conduct nor to feel threatened by it. Indeed, she did not mention the concealed hand until she was prompted by the prosecutor's leading question. In consequence, the court reduced the judgment from aggravated robbery to the lesser included offense of robbery.

The testimony in the present case enables us to distinguish it from the circumstances of *Fairchild*. Vivian Stewart, an employee of a convenience store, testified that appellant came into the store complaining about having to pay to pump air into his tires. No one else was in the store at the time. Appellant spoke with Stewart for a few minutes and then left. The witness stated that she listened for the sound of appellant's car being driven away because appellant's attitude and behavior had made her nervous.

Appellant suddenly returned and stood over Stewart, who was sitting down. His right hand was concealed inside a facial tissue box. He said to her, "Do you want me to cut you?" Startled and confused, the witness replied, "What?" Appellant then said, "Do you want me to castrate you?" Stewart was attempting to make sense of appellant's remark when he threatened to "cut" her again and ordered her to open the cash register. She rose from her seat, backed up, and opened the register. Appellant took all the money out and ran outside, leaving a trail of bills behind him. Stewart followed him in order to close and lock the door and noticed that he had backed his car up to the door. She noted the license plate, locked the door, and phoned the police, who later arrested appellant.

In her testimony, the State's witness emphasized that appellant's attitude and behavior had made her nervous during their initial contact. She stated that she saw the box covering appellant's right hand and believed that he was concealing a knife or another weapon. She specifically said that she gave appellant the money because he threatened to "cut" her. Finally, she

asserted that she had been frightened by the entire incident.

■■ In determining the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the jury's verdict. *Cook* v. *State*, 2 Ark. App. 278, 621 S.W.2d 224 (1981). Substantial evidence is that evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture. *Jones* v. *State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984).

■ Applying our standard of review to the case before us, we find that the evidence presented through Stewart's testimony was of sufficient force and character to compel the conclusion that the witness was responding to appellant's commands in the belief that he carried a weapon within the box and that she would be harmed if she failed to follow his instructions. This subjective apprehension on the witness's part, combined with appellant's objective conduct, more than meets the *Fairchild, supra,* requirement and satisfies our standard of review.

Affirmed.

COOPER and GLAZE, JJ., agree.