Maurice CLEMMONS *v.* STATE of Arkansas

CR 90-141                                        796 S.W.2d 583

Supreme Court of Arkansas
Opinion delivered October 15, 1990

*William R. Simpson, Jr.*, Public Defender, and *Llewellyn J. Marczuk*, Deputy Public Defender, by: *Donald L. Thompson, Jr.*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

DALE PRICE, Justice. The appellant was convicted of aggravated robbery and theft and sentenced to 25 years on the robbery charge and 10 years on the theft, to be served consecutively. On appeal, he does not challenge his theft conviction. He does claim there was insufficient evidence to support his aggravated robbery conviction, arguing that, at the most, the evidence supports only a conviction for ordinary robbery. We affirm the conviction.

The facts developed at trial were that around midnight on June 6, 1989, the appellant, along with two other men, approached Miss Karen Hodge in the parking lot of a Little Rock hotel bar. One of the men pretended to be armed with a gun and took Ms. Hodge's purse containing $16 and a credit card. The sequence of events is best described in Miss Hodge's trial testimony:

Q. (Prosecutor):   If you would, tell us what occurred at that point?

A. (Miss Hodge):   Well, I had my keys in my hand and I went to my car. And by that time, when I started to put my key in the car, they had gotten behind my car and one of them walked up to me and he had his — well, I assumed it was his finger in his jacket and he said, 'I've got a gun. Give me your purse or I'm going to shoot you.'

. . . .

Q.   When this person said, 'Give me your purse or I'll shoot,' what did you do?

A.   Well, I was just flabbergasted that this was all taking place. So, I said, 'Well, goddam it, why don't you just shoot.'

Q.   Okay. What happened at that point?

A.   Then he punched me.

Q.   Where did he strike you?

A.   On the side of my head because I started to turn my head. He knocked me back against the hood of my car.

Q. Do you know what you were struck with?

A. His fist.

Q. Okay. At that point what occurred?

A. I put my arm out and he tore the purse off my arm and took off.

Q. Why did you do that?

A. Because I didn't want to get hit again or hurt.

Q. Okay. Were you afraid?

A. Oh, yes. When he hit me, I was.

Miss Hodge identified the appellant as the man who threatened her and took her purse. There was no contention by the prosecutor that the appellant had actually used a gun to perpetrate the robbery.

Aggravated robbery is defined in Ark. Code Ann. § 5-12-103(a)(1) (1987) as follows:

A person commits aggravated robbery if he commits robbery as defined in § 5-12-102, and he:
(1) Is armed with a deadly weapon or represents by word or conduct that he is so armed.

The rationale for allowing an aggravated robbery conviction if one merely represents that he is armed was stated in *Richard* v. *State*, 286 Ark. 410, 691 S.W.2d 872 (1985):

The legislature has made no provision for lesser punishment of those threatening their victims with phony weapons precisely because the victims perceive no difference in the two types of threats.

There is no question that the appellant made the representation by both word and conduct of being armed with a deadly weapon. That was sufficient to satisfy the statutory requirement. Appellant argues that this case is governed by *Fairchild* v. *State*, 269 Ark. 273, 600 S.W.2d 16 (1980). There the appellant placed his hand under his shirt and admittedly tried to induce his victim into believing he was carrying a gun. The victim apparently realized that the appellant was unarmed. We made the following

statement:

> We are not persuaded that the appellant's hand under his shirt, even with the admitted intention of conveying to the victim that he was armed, is sufficient representation to satisfy the requirements of aggravated robbery in the absence of the victim's appreciation that he was armed. It is clear from [the victim's] testimony that she did not attach any special significance to this conduct and certainly did not perceive it to be in any way threatening. In fact, she did not even mention this particular conduct during her testimony until the prosecutor specially raised it by a leading question. Since the appellant's subjective intent does not control what is objectively conveyed to another, a hand under a shirt has no meaning in the context of the aggravated robbery statute unless the victim at least perceives it to be menacing.

*Fairchild* is distinguishable on its facts from this case. There, no oral representation was made that the robber had a deadly weapon. He merely had his hand under his shirt. He acknowledged that he tried to induce the victim to believe that he had a gun. We reduced the conviction to robbery in *Fairchild* because the victim did not perceive the hand under the shirt to be menacing.

■ We hold that where a defendant verbally represents that he is armed with a deadly weapon that this is sufficient to convict for aggravated robbery regardless of whether in fact he did have such a weapon. Where no verbal representation is made and only conduct is in evidence, the focus is on what the victim perceived concerning a deadly weapon.

Affirmed.