Larry LOWE *v.* STATE of Arkansas

CA CR 91-46                                                819 S.W.2d 23

Court of Appeals of Arkansas
Division I
Opinion delivered November 13, 1991

*William R. Simpson, Jr.*, Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Elizabeth A. Vines*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with aggravated robbery and theft of property. After a non-jury trial on September 12, 1990, he was convicted of aggravated robbery and misdemeanor theft of property, and was sentenced to ten years in the Arkansas Department of Correction on the aggravated robbery conviction. From that decision, comes this appeal.

For reversal, the appellant contends that the evidence was insufficient to support his conviction on the charge of aggravated robbery. We find no error, and we affirm.

Where the sufficiency of the evidence is at issue in a criminal case, whether tried by judge or jury, we do not weigh the

evidence favorable to the State against any conflicting evidence favorable to the accused, *Westbrook* v. *State*, 286 Ark. 192, 691 S.W.2d 123 (1985), but instead we review the evidence in the light most favorable to the State and affirm if the finding of guilt is supported by substantial evidence. *Turner* v. *State*, 24 Ark. App. 102, 749 S.W.2d 339 (1988). Substantial evidence is evidence which induces the mind to go beyond mere suspicion or conjecture, and is of sufficient force or character to compel a conclusion one way or the other with reasonable certainty. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984).

Viewed in the light most favorable to the State, the record shows that the appellant approached a woman in a grocery store, put his arm around her throat, and attempted to steal her purse. She resisted and began to scream after the appellant slammed her against the counter and struck her eye. After beating the woman to the floor, the appellant managed to pull her purse away from her and ran down the aisle with the purse in his hand. The appellant was observed by Ricky Thomas, who worked as a checker at the grocery store, and was pursued by Thomas, another store employee named Sammy, and a security guard. When the appellant reached the door, he turned around and said, "Stop or I will shoot." Mr. Thomas stated that he saw no weapon, so he continued to pursue the appellant outside. Behind a house, the appellant paused and again said, "Stop or I will shoot." This time, the appellant had something shiny in his hand; Mr. Thomas testified that, for a second, he thought that the appellant had a weapon and stopped pursuing him. However, when he saw that the shiny object in the appellant's hand was merely a set of keys, he tackled the appellant and, in company with the security guard and Sammy, subdued him.

The appellant contends that the evidence is insufficient to sustain a conviction for aggravated robbery because the State failed to show that he represented to the victim that he was armed with a deadly weapon; the appellant asserts that his conduct against Mr. Thomas was an independent episode separate from the robbery of the victim, and as such is not evidence to support his conviction for aggravated robbery. We do not agree.

A person commits robbery if, with the purpose of committing a theft or resisting apprehension immediately there-

after, he employs or threatens to immediately employ physical force upon another. Ark. Code Ann. § 5-12-102 (Supp. 1991). A person commits aggravated robbery if he commits robbery as defined in § 5-12-102, and he is armed with a deadly weapon or represents by word or conduct that he is so armed. Ark. Code Ann. § 5-12-103 (1987). Nothing in the statutes requires that the representation that the offender is armed must be made to the victim of the theft, and the appellant has cited no authority which so holds. Moreover, it has been stated that the clear legislative intent was to define robbery so as to cover situations where persons who have committed the theft choose to employ force to avoid arrest. *Williams* v. *State*, 11 Ark. App. 11, 665 S.W.2d 299 (1984). In the case at bar, there is clearly evidence to show that the appellant committed a robbery and chose to represent that he was armed with a deadly weapon to avoid arrest. Although the appellant did not tell Mr. Thomas that he had a gun, his statement to Mr. Thomas that he would shoot him if Mr. Thomas did not stop constituted a verbal representation that the appellant was armed with a deadly weapon. *Coley* v. *State*, 304 Ark. 304, 801 S.W.2d 647 (1991). Such a verbal representation is sufficient to convict for aggravated robbery regardless of whether the defendant did in fact have such a weapon. *Clemmons* v. *State*, 303 Ark. 354, 796 S.W.2d 583 (1990).

■ Nor do we agree that the threats employed by the appellant against Ricky Thomas constitute an independent episode separate from the robbery. Although Ark. Code Ann. § 5-12-102 requires that the employment or threat of force must be made with the purposes of committing theft or resisting apprehension immediately thereafter, "immediate" has been defined as "a reasonable time in view of particular facts and circumstances of the case under consideration." *Becker* v. *State*, 298 Ark. 438, 768 S.W.2d 527 (1989). As in *Becker, supra,* and *Williams, supra,* the facts of the case at bar show that the theft, flight, struggle, and apprehension were accomplished in a matter of minutes without any significant intervening event. Under these circumstances, we hold that the evidence was sufficient to establish that the threat of a deadly weapon was made immediately after the theft to resist apprehension or arrest.

Finally, we note that the appellant has cited several cases for the proposition that aggravated robbery is not a continuing

offense. *See, e.g., Rhodes* v. *State*, 293 Ark. 211, 736 S.W.2d 284 (1987). These cases, which deal with lesser-included offenses and double jeopardy considerations, are not germane to the question presented in the case at bar, i.e., the sufficiency of the evidence to support a single count of aggravated robbery.

Affirmed.

JENNINGS, and ROGERS, JJ., agree.