Jim BRUNSON *v.* STATE of Arkansas

CA CR 93-563                                         873 S.W.2d 562

Court of Appeals of Arkansas
Division I
Opinion delivered March 30, 1994

162

*Robert N. Jeffrey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with two counts of delivery of a controlled substance. After a jury trial, he was found guilty of two misdemeanor counts of possession of a controlled substance. He was sentenced to a term of eighteen months probation with fourteen days in the Grant County Jail, and fined $2,000.00 to be paid at the rate of $100.00 per month. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred in denying his motion for a directed verdict due to the insufficiency of the evidence. We do not agree.

An appeal from the denial of a motion for a directed verdict is a challenge to the sufficiency of the evidence, and the test for determining the sufficiency of the evidence in a criminal case is whether there is substantial evidence to support the verdict. *Cleveland* v. *State*, 315 Ark. 91, 865 S.W.2d 285 (1994). In making our review, we do not weigh the evidence favorable to the State against any conflicting evidence favorable to the accused, but instead we review the evidence in the light most favorable to the State and affirm if the finding of guilt is supported by substantial evidence. *Lowe* v. *State*, 36 Ark. App. 85, 819 S.W.2d 23 (1991). Substantial evidence is evidence which is forceful enough to compel a conclusion one way or the other without resorting to suspicion or conjecture. *Cleveland* v. *State, supra.*

Viewing the evidence in the light most favorable to the appellee, the record shows that Larry Witcher, a confidential

informant, testified that he purchased marijuana from the appellant while in Sheridan on September 27, 1991. Mr. Witcher also stated that, during one purchase, he made a recording of the transaction which was later transcribed. The transcription of this recording, which was included in the record, is partially inaudible. Nevertheless, the audible portions of the transcription tend to support Mr. Witcher's testimony to the effect that he purchased marijuana from the appellant on two separate occasions on the day in question.

■■ The appellant's argument is ultimately addressed to the credibility of the confidential informant. He argues that the jury's guilty verdicts for possession of marijuana, rather than the greater offense of delivery with which the appellant was charged, indicates that the jury found that the testimony of the confidential informant lacked credibility. In essence, the appellant argues that, because the jury found the confidential informant's testimony to lack sufficient credibility to support the charge of delivery of a controlled substance, it necessarily follows that the same testimony lacks the requisite weight to support a conviction for the lesser included offense of possession of a controlled substance. We do not agree. It is not the function of the appellate court to weigh the evidence. Instead, that function is entrusted to the jury, which may accept or reject any part of a witness's testimony; when it has done so, we are bound by the jury's conclusion concerning a witness's credibility. *Harris* v. *State*, 291 Ark. 504, 726 S.W.2d 267 (1987). We have no right to disregard the testimony of a witness after the jury has given it full credence, at least where it cannot be said with assurance that it was inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ thereon. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980). None of these circumstances apply to the testimony of the confidential informant in the case at bar, and we consequently affirm the appellant's conviction.

■■ Nevertheless, we find it necessary to modify the sentence imposed by the trial court because our review of the record has disclosed a sentencing error. When a trial court has imposed an illegal sentence on a defendant, we will review it regardless of whether an objection was raised below, and we may raise the issue on our own. *See Jones* v. *State*, 27 Ark. App. 24, 765 S.W.2d

15 (1989). An illegal sentence is one which is illegal "on its face." *Id.* In the case at bar, the appellant was convicted of two counts of misdemeanor possession of marijuana, and was sentenced to eighteen months probation. However, pursuant to Ark. Code Ann. § 5-4-403(c)(2) (Repl. 1993), the aggregate of consecutive terms for misdemeanors shall not exceed one year. This one-year maximum is applicable to the appellant's probationary sentence by virtue of Ark. Code Ann. § 5-4-306(a) (Repl. 1993), which provides that a period of probation shall not exceed the maximum jail or prison sentence allowable for the offense charged. Consequently, the probationary period imposed by the trial court exceeds the maximum allowable by six months. Therefore, although we affirm the appellant's conviction, we modify the sentence imposed by the trial court so as to reduce the appellant's probationary period to one year.

Affirmed as modified.

PITTMAN and ROGERS, JJ., agree.