Ronald PENN and Toby Tia Ellis *v.* STATE of Arkansas

CR 94-1198          894 S.W.2d 597

Supreme Court of Arkansas
Opinion delivered March 13, 1995

*Rice, Adams & Pace*, by: *Kelly M. Pace*, for appellant Penn.

*William R. Simpson, Jr.*, Public Defender, by: *Sandra S. Cordi*, Deputy Public Defender, for appellant Ellis.

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill*, Asst. Att'y Gen., for appellee.

Jack Holt, Jr., Chief Justice. The appellants, Ronald Penn and Toby Tia Ellis, were convicted of two counts of aggravated robbery and two counts of first-degree battery perpetrated against Garcia Horace and Dwayne Dolphus, for which Ellis was sentenced to a forty-year cumulative term of imprisonment, and Penn a thirty-year cumulative term. Although their arguments vary on appeal, both Penn and Ellis assert that the trial court erred in refusing to grant their motions for directed verdict. We affirm, as neither appellant properly presented or preserved the issues at trial which he now attempts to raise for purposes of his appeal.

In reaching our conclusion, we note that a directed verdict motion is treated as a challenge to the sufficiency of the evidence and requires the movant to apprise the trial court of the specific basis on which the motion is made. *Campbell* v. *State*, 319 Ark. 332, 891 S.W.2d 55 (1995). *See also Daffron* v. *State*, 318 Ark. 182, 885 S.W.2d 3 (1994); *Walker* v. *State*, 318 Ark. 107, 883 S.W.2d 831 (1994); *Stricklin* v. *State*, 318 Ark. 36, 883 S.W.2d 465 (1994).

Moreover, we have repeatedly held that arguments

not raised at trial will not be addressed for the first time on appeal, and that parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of the objections and arguments presented at trial. *Campbell* v. *State, supra; Stricklin* v. *State, supra.* The reasoning underlying our holdings is that when specific grounds are stated and the absent proof is pinpointed, the trial court can either grant the motion, or if justice requires, allow the State to reopen its case and supply the missing proof. *Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994); *Standridge* v. *City of Hot Springs*, 271 Ark. 754, 610 S.W.2d 574 (1981). We have further held that to preserve the issue of the sufficiency of the evidence in a criminal case, the appellant must move for a directed verdict both at the close of the State's case and at the close of all of the entire case. *Jones* v. *State*, 318 Ark. 704, 889 S.W.2d 706 (1994).

### Appellant Ellis

Appellant Ellis maintains that there was insufficient evidence to find him guilty of the aggravated robbery alleged to have been committed against Dolphus. In response, the State asserts, and we agree, that Ellis's argument was not properly preserved for our review as his motion for directed verdict was not premised on the specific grounds now argued on appeal. In addition, we note that he did not properly renew his motion for directed verdict.

At the close of the State's case, Ellis's attorney stated as follows:

> Your Honor, we would make the motion for a directed verdict. First of all — I mean, outright on both counts as to Mr. Ellis. The State has not met their burden of proof as to the charge of aggravated robbery or as to the charge of battery first or in the alternative a reduction on the counts from aggravated robbery to simple robbery and from battery first to battery in the second degree because there was no medical testimony. There was just the testimony of the two victims that stated the extent of their injuries.

In examining the content of this motion, it is clear to us that the specific ground articulated to the trial court related to the fact that there was no medical testimony concerning the victims' injuries. Ellis did not argue, as he does now on appeal, that the State failed

to establish a particular element of the aggravated robbery charge — that he committed or intended to commit a theft against Dolphus. In addition, at the close of all the evidence, counsel for Ellis merely stated, "At this time we rest and renew all our motions previously made," to which the trial court replied, "All right. I show your motions made; same rulings."

The failure of Ellis's defense counsel to include the argument that he neither took nor intended to take property from Dolphus as a ground for directed verdict, or to renew the motion at the close of the entire case, rendered the motion insufficient to preserve his argument for our review. *See Jones* v. *State, supra; Daffron* v. *State, supra.*

### *Appellant Penn*

Appellant Penn contends that the trial court erred in denying his motion for directed verdict and asserts two specific grounds on appeal in support of his position that the evidence was insufficient: (1) that the State failed to prove positively that he was Ellis's co-defendant or that he perpetrated the crimes; and (2) that the State failed to prove that either victim sustained "serious physical injury" as a result of a gunshot fired by him.

Immediately following Ellis's motion for directed verdict at the close of the State's case, counsel for Penn stated as follows:

> And, Your Honor, I would make the same motion as far as Ronald Penn with the addition that there's been actually no testimony identifying Ronald — convincing testimony that Ronald Penn was the one that was there with Toby Ellis.

As Penn did not argue at the trial level the specific ground that the State failed to prove that either victim sustained "serious physical injury" as a result of a gunshot fired by him, this argument is not available to him for purposes of appeal. *See Campbell* v. *State, supra; Stricklin* v. *State, supra.* Granted, Penn did argue that there was insufficient evidence to identify him as the perpetrator, yet he did not renew his motion at the close of all the evidence. After testimony was received from the sole witness for the defense, Detective Randy Reaves, the following exchange took place:

ATTORNEY FOR ELLIS: That's all the witnesses we have for Mr. Ellis, Your Honor. At this time we rest and renew all of our motions previously made.

THE COURT: All right. I show your motions made; same rulings. Ms. Pace?

ATTORNEY FOR PENN: Your Honor, I would ask that Detective Reaves testimony apply to Mr. Penn as well, and we have no further testimony.

■ Counsel for Penn did not renew her motion for directed verdict at the close of all the evidence, and, as such, her earlier motion is waived and will not be considered on appeal. *See Jones* v. *State, supra.*

Simply put, since neither Ellis nor Penn preserved his position challenging the sufficiency of the evidence on appeal, we do not reach the merits of their arguments.

Affirmed.