George Anthony JOHNSON *v.* STATE of Arkansas

CR 96-284                                        929 S.W.2d 707

Supreme Court of Arkansas
Opinion delivered September 23, 1996

*William R. Simpson, Jr.*, Public Defender, by: *C. Renae Ford*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant, George Anthony Johnson, was convicted of aggravated robbery and misdemeanor theft of property and was sentenced as a habitual offender to forty years' imprisonment. His sole allegation on appeal is that the trial court erred in denying his motion for directed verdict. We affirm.

The following evidence, viewed in a light most favorable to the State, was elicited at trial. Amy Rollins and Jennifer Anderson, scholarship volleyball players attending the University of Arkansas at Little Rock, were at a party at the South Oaks Apartments during the evening hours of February 26, 1994. As they were leaving the party with two of their teammates, Tonya Wolfe and Adonia Guevera, they met a man standing outside the complex. The man, who was later identified as the appellant, told the women that he was from California, was new in town, and wanted to meet some people. Wolfe and Guevera were from Napa Valley and San Diego, California, respectively, and began talking to appellant about their homestate. After talking to him for several minutes, the women went inside a unit that all but Rollins shared with Michelle Wilson, another fellow UALR student and teammate.

The following afternoon, appellant knocked on the door of the apartment. Wilson answered. Appellant introduced himself, explaining that he was from California and that he knew Wolfe and Guevera. Wilson told appellant that her roommates had gone to get a pizza. She felt comfortable as appellant casually walked inside. The two engaged in casual conversation before appellant asked to use the bathroom.

When appellant exited the bathroom, he was wielding a pair of scissors. He attempted to stab Wilson in the neck and arm while demanding money and jewelry. Though Wilson explained that she had neither, appellant proceeded to go through dresser drawers, jewelry boxes, and cupboards. He took Anderson's watch and ring and Wilson's video cassette recorder. When Wilson tried to run out the door, appellant stabbed her in the arm with the scissors. He told her he had a gun and threatened that if she tried to leave the apartment again, he would shoot her. Appellant then ordered Wilson to go into the bathroom and shut the door. When Wilson was sure appellant had left the apartment, she went to a nearby unit and called police.

Nearly two weeks after the incident, Wilson, Anderson, and Rollins were separately shown a photographic lineup. Wilson positively identified appellant as her assailant. Anderson and Rollins likewise identified appellant as the man they had met the night before the incident.

We treat the denial of a motion for directed verdict as a challenge to the sufficiency of the evidence. We examine such challenges under the following guideposts:

> The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict; substantial evidence must be forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. On appellate review, it is only necessary for this court to ascertain that evidence which is most favorable to appellee, and it is permissible to consider only that evidence which supports the guilty verdict.

*Choate* v. *State*, 325 Ark. 251, 925 S.W.2d 409 (1996); *citing King* v. *State*, 323 Ark. 671, 916 S.W.2d 732 (1996). At the close of the State's case, appellant moved for a directed verdict as follows:

[W]e would move for a directed verdict based on the sufficiency of the evidence. That, number one, scissors are not a deadly weapon; and number two, that they are not — they have not shown that he threatened to employ physical force upon her with a deadly weapon.

Appellant renewed his motion at the close of all the evidence. While he presents numerous arguments in his brief as to why his directed-verdict motion should have been granted, we limit our review to the two grounds appellant presented to the trial court. *See Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994).

■ Appellant first argues that scissors are not a deadly weapon. A person commits aggravated robbery if, with the purpose of committing a felony misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another, and is armed with a deadly weapon or represents by word or conduct that he is so armed. Ark. Code Ann. §§ 5-12-102 and 5-12-103 (Supp. 1995). A deadly weapon is a firearm or "[a]nything that in the manner of its use or intended use is capable of causing death or serious physical injury." Ark. Code Ann. § 5-1-102(4) (Supp. 1995). There can be no serious challenge to the proposition that scissors are capable of causing death or serious physical injury. In fact, we have affirmed homicide cases where scissors were the weapon of choice in causing death. *See e.g., McLendon* v. *State*, 316 Ark. 688, 875 S.W.2d 55 (1994)(appellant's conviction for capital murder affirmed where she stabbed her father with a pair of scissors, and her co-defendants stabbed him with a knife); *Riggins* v. *State*, 253 Ark. 1007, 490 S.W.2d 124 (1973) (appellant's voluntary manslaughter conviction affirmed where she stabbed the victim with a pair of scissors). In short, scissors clearly fall within the definition of a deadly weapon. Appellant's argument is meritless.

■■ Appellant also preserved the argument that the State failed to show that he threatened to employ physical force upon victim Michelle Wilson with a deadly weapon. This contention is equally meritless. Not only did Wilson testify that appellant stabbed her with a pair of scissors, she also stated that he threatened her with a gun, telling her that if she tried to leave the apartment, he would shoot her. As appellant represented to Wilson that he had a gun, this representation was sufficient to sustain his conviction for aggravated robbery. *See Clemmons* v. *State*, 303 Ark. 354, 796 S.W.2d 583

(1990). Based on the foregoing, we conclude that the evidence was sufficient to support appellant's conviction of the crimes charged.

Affirmed.