Jackie Lee WILLIAMS *v.* STATE of Arkansas

CR 97-1089                                    962 S.W.2d 329

Supreme Court of Arkansas
Opinion delivered January 29, 1998

*Jack R. Kearney*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Mac Golden*, Asst. Att'y Gen., for appellee.

Robert L. Brown, Justice. The appellant, Jackie Lee Williams, was convicted of the rape of Venita Campbell and sentenced to life in prison. He appeals on two issues: (1) that the evidence failed to establish commission of the crime charged; and (2) that the trial court erred in failing to dismiss the charge against Williams because the State's proof materially varied from the charging information on when the rape occurred. We hold that Williams's points are without merit, and we affirm.

Williams was initially charged with raping Venita Campbell sometime between August 1, 1994, and December 1, 1994. He

subsequently moved the circuit court to require the State to file a bill of particulars revealing the date, time of day, and location where the alleged rape took place. The State responded by amending its information to charge that the crime took place sometime in May 1994. The State also filed an amended bill of particulars which disclosed that the State would prove that the crime took place approximately in May 1994 at an abandoned house at the intersection of Twenty-second and Martin Streets in Little Rock. The State then filed a second amended information charging Williams as a habitual offender with four or more prior felonies.

Williams was convicted of the rape, but the jury deadlocked on the appropriate punishment. The trial court sentenced Williams to life imprisonment, and judgment was entered.

## I. Sufficiency of the Evidence

Williams first contends that the evidence of rape was insufficient. Our oft-stated standard of review for sufficiency of the evidence is as follows:

> Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Johnson v. State*, 326 Ark. 3, 929 S.W.2d 707 (1996); *Penn v. State*, 319 Ark. 739, 894 S.W.2d 597 (1995). When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the state. *Dixon v. State*, 310 Ark. 460, 470, 839 S.W.2d 173 (1992). Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture. *Id.* Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or the other. *Id.* Only evidence supporting the verdict will be considered. *Moore v. State*, 315 Ark. 131, 864 S.W.2d 863 (1993).

*McGehee v. State*, 328 Ark. 404, 410, 943 S.W.2d 585, 588 (1997).

At trial, the victim, Venita Campbell, was the sole witness called by the State. Campbell testified that she met Williams through an acquaintance named Steve Giggers, who told her that Williams was his cousin. She admitted that before the incident in

question, she had consensual sexual intercourse with Williams at Giggers's home in exchange for money. She testified that later, in May 1994, she was walking down the street when Williams approached her on a bicycle and said: "Well, you want to do something, and I'll pay you[,]" to which she agreed. She testified, however, that she wanted to go to Giggers's house, while Williams wanted to take her to a house on Martin Street where his sister, Daphne Williams, used to reside.

She explained that once she arrived at the now abandoned house on Martin Street, she became suspicious, stood by the door, and demanded the $10 in payment before entering. At that time, Williams, who was already inside the house, became impatient and grabbed her from behind. He put his hand over her mouth, forced her into a bedroom, and threw her down on a mattress on the floor. She testified that Williams began to choke her, started to take off her clothes, and shoved either her underwear or a sock down her throat. She explained that Williams removed a shoe-string from one of her tennis shoes and tied her hands behind her back. He then rolled her over, engaged in sexual intercourse against her will, and ejaculated on her stomach and chest.

When he finished, Campbell testified that Williams told her: "Bitch, I'm going to have to kill you 'cause you gonna tell." At that point, Williams turned her over on her stomach, took the shoestring from her other tennis shoe, wrapped it around her neck, and began choking her to the point that she believed she would die. Campbell testified that she began kicking her legs and that he choked her so hard that she urinated on herself. She told the jury that he stopped choking her and said he would not kill her but warned: "Well, bitch, if you tell anybody, I'm going to kill you. I swear I'll kill you."

She testified that after the event, she told a female friend about the rape, and the friend promised not to tell anyone. Campbell believed that the incident occurred in May 1994 because of the weather and the fact she was wearing a pink sweat-shirt and blue jeans, although she could not pinpoint a date. She admitted that she initially told police officers that the incident took place in the fall of 1994.

On cross-examination, Campbell admitted that at the time of the alleged rape, she used drugs. The question of when the incident occurred was broached by defense counsel numerous times on cross-examination, and Campbell explained that it occurred "approximately" in May 1994 based on the weather, even though she initially told law enforcement that it occurred in the fall of 1994. She later admitted that it could have been spring or fall. She explained: "All I know is the weather was fairly cool, and it was cool enough for that sweat shirt I had on."

After her testimony, Williams moved for a directed verdict on the basis that Campbell was unclear on the date the rape occurred and other "key elements" of the charge. The trial court denied Williams's motion. Daphne Williams, appellant's sister, then testified for the defense that in May 1994, she resided at 2305 Martin Street, which was the abandoned house in which Ms. Campbell alleged the rape occurred. She testified that during May 1994, she received Medicaid and Food Stamps and produced a computer printout from the Department of Human Services that reflected her address as 2305 Martin Street and contained the dates May 2, 1994; May 12, 1994; and May 30, 1994, for receipt of benefits. Steve Giggers also testified that Daphne Williams lived at 2305 Martin Street in May 1994.

■ Turning to the law on this point, the State charged Williams with engaging in sexual intercourse with Campbell by forcible compulsion, and the jury was instructed accordingly. *See* Ark. Code Ann. § 5-14-103(a)(1) (Repl. 1993). This court has stated on numerous occasions that the uncorroborated testimony of a rape victim is sufficient to support a conviction, if the testimony satisfies the statutory elements. *See, e.g., Davis v. State*, 330 Ark. 501, 956 S.W.2d 163 (1997); *Rains v. State*, 329 Ark. 607, 953 S.W.2d 48 (1997); *Johnson v. State*, 328 Ark. 526, 944 S.W.2d 115 (1997). Inconsistencies in the testimony of a rape victim are matters of credibility for the jury to resolve. *Rains v. State, supra; Puckett v. State*, 324 Ark. 81, 718 S.W.2d 707 (1996). It is within the province of the jury to accept or reject testimony as it sees fit. *Riggins v. State*, 317 Ark. 636, 882 S.W.2d 664 (1994); *Smith v. State*, 314 Ark. 448, 863 S.W.2d 563 (1993); *Coleman v. State*, 314 Ark. 143, 860 S.W.2d 747 (1993).

To counter Campbell's testimony, Williams asserts the following: her testimony was inconsistent and contradictory; she could not relate the month during which the event occurred; she admitted to drug usage; she could not point to any visible scars or bruises as a result of the attack; she could point to no other evidence to corroborate her story; and the house was not abandoned in May 1994.

However, viewing only the evidence favorable to the State as we must, and acknowledging that matters of credibility are for the jury to resolve, the evidence easily suffices to support the jury verdict.

## II.   Material Variance

Williams next claims that a material variance occurred between the criminal information and the State's proof which was unduly prejudicial to his defense. We initially look to what constitutes a sufficient criminal information. On that point, this court recently stated:

> An information or other charging instrument is not defective if it sufficiently apprises the defendant of the specific crime with which he is charged to the extent necessary to enable him to prepare a defense. *State v. Johnson*, 326 Ark. 189, 931 S.W.2d 760 (1996); *Purifoy v. State*, 307 Ark. 482, 822 S.W.2d 374 (1991). An information is sufficient if the act or the omission charged as the offense is stated with a degree of certainty that enables the court to pronounce judgment on conviction. *Johnson v. State*, 55 Ark. App. 117, 932 S.W.2d 347 (1996). A variance between the wording of an indictment or information and the proof at trial does not warrant reversal unless the variance prejudices the substantial rights of the defendant. *Id.*

*McElhanon v. State*, 329 Ark. 261, 264, 948 S.W.2d 89, 91. This court has found material variances which violated the substantial rights of the defendant only in limited circumstances. *See, e.g., Williams v. State*, 302 Ark. 234, 788 S.W.2d 241 (1990) (material variance where the State attempted to prove the crime of falsifying business records through elements of the crime not contained within the information); *Von Tonglin v. State*, 200 Ark. 1142, 143 S.W.2d 185 (1940) (material variance where the offense proved

was the theft of a cow belonging to Mrs. F.S. Randolph when the offense charged was the theft of a cow belonging to Joe Randolph); *Clemons v. State,* 150 Ark. 425, 234 S.W. 475 (1921) (material variance where the State proved the theft of a steer when the offense charged was the theft of two cows).

Williams contends that a material variance existed because the State did not prove that the rape occurred between May 1, 1994, and May 31, 1994, as set out in the amended information. As a result, he contends that he was hamstrung in his efforts to focus his defense on a given period of time. Williams appears, however, to concede that this court has held the precise time is not an essential element of the crime of rape. *See Rains v. State, supra; Douthitt v. State,* 326 Ark. 794, 935 S.W.2d 241 (1996); *Bonds v. State,* 296 Ark. 1, 751 S.W.2d 339 (1988).

Nevertheless, we dispose of this point based on Williams's failure to preserve this issue for our review. We have scoured the record for a motion to dismiss based on material variance. The only time the issue of an unproved date was raised at trial was in Williams's motion for directed verdict and the renewal of that same motion, and this issue was in the context of insufficient evidence presented by the State. We will not address arguments, even constitutional arguments, mounted for the first time on appeal. *Davis v. State, supra; Green v. State,* 330 Ark. 458, 956 S.W.2d 849 (1997); *McGehee v. State, supra.*

The record in this case has been examined for other reversible error pursuant to Ark. Sup. Ct. R. 4-3(h), and none has been found.

Affirmed.