Cloyd Edward WILLIAMS *a/k/a* Eddie Williams
*v.* STATE of Arkansas

CR 01–623                                      57 S.W.3d 706

Supreme Court of Arkansas
Opinion delivered October 25, 2001

*Robert A. Newcomb,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Katherine Adams,* Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. The appellant was the duly elected sheriff of Montgomery County. He was charged by a special prosecuting attorney with tampering with a public record, in violation of Ark. Code Ann. § 5-54-121 (Supp. 1999), by knowingly altering or making a false entry in a public record, specifically, a Montgomery County claim for allowance; he was also charged with theft by deception. The trial judge granted a directed verdict of acquittal on the charge of theft by deception at the close of the State's case. After a trial by jury, the appellant was convicted of tampering with a public record, a Class D felony. Appellant was sentenced to pay a fine of $23.86, as well as $100.00 in court costs. Appellant appeals the conviction. We affirm.

The facts underlying the case are as follows. Appellant, as sheriff, paid for meals at the Sir Loin's Inn in North Little Rock for two deputies, their wives, his wife, and himself; he then submitted a claim to Montgomery County for reimbursement for the meal

expense. The claim was originally supported with a receipt from the Sir Loin's Inn showing that six people ate the meal for a total amount of approximately $198.00. The claim was submitted to the county judge, who approved it on or about February 1, 2000. It was paid that same day. Subsequently, the county judge, after it was suggested to him by a State auditor that there should be additional documentation attached to the claim, asked for additional explanation of who attended the meal; a separate document, handwritten by appellant was then submitted on or about February 3, 2000, stating that two businessmen had attended the meeting, in addition to the six previously mentioned individuals. The two additional businessmen were, in fact, not at the dinner. The original felony information in the case charged that tampering with public records occurred on or about February 1, 2000; but, at the trial, the court allowed the prosecuting attorney to amend the charge to state that tampering with public records occurred on or about February 3, 2000, to coincide with when the handwritten note stating that the businessmen were at the dinner was given to the county judge.

Appellant moved at the close of the State's case and again at the close of his case for a directed verdict for insufficient evidence of tampering with a public record; he contends that there was no evidence showing that he knew that the subsequent letter would be filed with the county clerk as part of the claim. Appellant asserts on appeal that there was insufficient evidence to sustain a conviction.

■■ Appellant argues that the circuit court erred in refusing to grant his motion for a directed verdict. We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Branscum v. State*, 345 Ark. 21, 43 S.W.3d 148 (2001); *Burmingham v. State*, 342 Ark. 95, 27 S.W.3d 351 (2000). When this Court conducts such a review based on an insufficiency-of-the-evidence argument, it does so using the following standard, as set out in *Williams v. State*, 331 Ark. 263, 962 S.W.2d 329 (1998):

> Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Johnson v. State*, 326 Ark. 3, 929 S.W.2d 707 (1996); *Penn v. State*, 319 Ark. 739, 894 S.W.2d 597 (1995). When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the State. *Dixon v. State*, 310 Ark. 460, 470, 839 S.W.2d 173 (1992). Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture. *Id.* Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or the

other. *Id*. Only evidence supporting the verdict will be considered. *Moore v. State*, 315 Ark. 131, 864 S.W.2d 863 (1993).

*Williams*, 331 Ark. at 265, 962 S.W.2d at 330 (quoting *McGehee v. State*, 328 Ark. 404, 410, 943 S.W.2d 585, 588 (1997)).

Arkansas Code Annotated § 5-54-121 provides that:

(a) A person commits the offense of tampering with a public record if, with the purpose of impairing the verity, legibility, or availability of a public record, he knowingly:

(1) Makes a false entry in or falsely alters any public record; or

(2) Erases, obliterates, removes, destroys, or conceals a public record.

(b)(1)(A) Tampering with a public record is a Class C felony if the public record is a court record.

(B) Tampering with a public record is a Class B felony if the public record is a court record and the person broke into any building or structure with the intent of tampering with a court record located therein.

(2) Otherwise, tampering with a public record is a Class D felony.

Arkansas Code Annotated § 5-54-101(11) (Repl. 1997) defines a public record as including "all official books, papers, exhibits, or records of any type required by law to be created by or received and retained in any governmental office or agency, affording notice or information to the public, or constituting a memorial of an act or transaction of a public office or public servant."

Appellant contends that although he *did* provide false information on the additional, handwritten documentation concerning the meal at Sir Loin's Inn, he did not know that this document was going to be filed with the Montgomery County Clerk. He claims that this handwritten explanation of the meal expenses does not constitute a "public record" as defined by Ark. Code Ann. § 5-54-101(11) because it was not one required by law to be kept. This argument is without merit.

Field Auditor Amanda Meyers of the Division of Legislative Audit testified that claims for allowance are required by law to be filed in the county clerk's office, that the handwritten document prepared by appellant was attached to the claim, and that she relied on it as a basis for the claim for allowance. There was substantial testimony concerning the request by legislative auditors for documentation and discussion that without the documentation the claim would not be allowed, and an auditing exception would be made for it. Further, while appellant claims that he did not know it was to be filed with the circuit clerk and that *he* did not file it with the clerk, he *did know* that the county judge's secretary, on behalf of the county judge, had requested that the additional documentation be provided.

Phillip Murray, another field auditor with the Division of Legislative Audit, testified that, by statute, claims for allowance must be supported with documentation that itemizes the expenditure of county funds as they are related to county business. Once the claims for allowance are approved to be paid by the county judge, the claim, along with any supporting documentation, is filed with the county clerk and retained for a period of years.

■ The appellant, in two separate conferences with State Field Auditor Meyers, never mentioned that the list of people who attended the meeting was inaccurate. Appellant testified that he understood that the purpose of the additional documentation was to explain his claim for allowance, and he admitted that the list of people who attended the dinner was incorrect; yet, he claims it was a mistake, rather than a knowing falsity. This claim that the false information was a "mistake" rather than a purposeful act was clearly an issue of credibility of the witness for the jury to decide. *See Marta v. State*, 336 Ark. 67, 983 S.W.2d 924 (1999).

■ It seems obvious that as all claims for allowance and supporting documents are required by statute to be created and retained in the county clerk's office, appellant's handwritten documentation fits squarely into the definition of a public record, as a matter of law, and his argument in this regard is, therefore, without merit.

■ The appellant next argues that there is insufficient evidence to support the verdict because the State failed to introduce into evidence the statutes showing that the handwritten documentation was *required by law* to be received or retained by a government office. This argument, likewise, is without merit. The trial court is

presumed to be aware of the substantive law of this State. *See State v. Jones*, 338 Ark. 781, 3 S.W.3d 675 (1999). Therefore, it is not necessary to introduce evidence of statutes in this State. *See Washington v. State*, 319 Ark. 583, 892 S.W.2d 505 (1995).

Appellant goes on to argue that the jury had to speculate as to whether or not the handwritten document was a public record because the State did not present any evidence that it was required by law to be filed; this is, likewise, without merit. Montgomery County Clerk Debbie Baxter testified that claims for allowance *and their supporting documents* are filed in the Montgomery County Clerk's office; and two State Auditors testified that the claims *and supporting documents* were required to be filed with the county clerk's office and kept for a period of years for the purpose of yearly auditing. No evidence was introduced to the contrary. Therefore, it appears clear that there was substantial evidence that the handwritten document was a public record within the statutory definition read to the jury during jury instruction.

The appellant asserts that the trial court lacked subject-matter jurisdiction over the criminal charge of tampering with a public record because the county court is vested with original jurisdiction to allow or disallow claims; the appellant is mixing apples and oranges. Certainly, the trial court had jurisdiction over the subject matter of the criminal charge. The propriety of the county's allowance or disallowance of reimbursement for the claim was not the subject matter of the criminal charge, and the appellant's reliance on this argument is misplaced.

Most unpersuasive, however, is appellant's argument that he cannot be held accountable for tampering with a public record because he was not *aware* that his claim for allowance and the supporting documents were public records. It is well settled that ignorance of the law or lack of knowledge of a legal requirement is never an excuse to a criminal charge. *See Crail v. State*, 309 Ark. 120, 827 S.W.2d 157 (1992).

It is clear, when viewing the evidence in the light most favorable to the State, that substantial evidence did exist to support the verdict. As such, we affirm appellant's conviction and sentence in all respects.

Affirmed.