Raymond WALTERS *v.* STATE of Arkansas

CR 03-1041                                    193 S.W.3d 257

Supreme Court of Arkansas
Opinion delivered September 23, 2004

*Bowden & Smith*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Chief Justice. Appellant, Raymond Walters, was convicted in the Garland County Circuit Court for the rape of Holly Werfelmann. The trial court sentenced him to life imprisonment in the Arkansas Department of Correction. Walters brings two points on appeal: (1) whether there was sufficient evidence to find him guilty of rape, and (2) whether the trial court erred in finding him competent to stand trial. Because this is a criminal appeal in which the death penalty or life imprisonment has been imposed, jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We find no merit in the appellant's argument, and we affirm.

### Facts

At around 9 a.m. on the morning of April 3, 2001, Holly Werfelmann was lying on the couch watching television in her apartment, when she heard her dogs begin to bark. Seconds later, Ms. Werfelmann felt a hand cover her mouth. She turned and saw the appellant, Raymond Walters. Walters dragged Ms. Werfelmann into her bedroom and began pulling down her shorts and panties, fondling her breasts, and he inserted one or more fingers into her vagina. Ms. Werfelmann tried to scream, but the appellant kept his hand over her mouth and told her not to scream, and that he wanted to have sex with her. He told her that she should leave her boyfriend because he wasn't good for her. The appellant finally let Ms. Werfelmann go, and when she pulled up her panties and shorts, she noticed something wet and sticky on her leg.

Next, Ms. Werfelmann ran from her apartment to the Exxon station at the corner to use the phone. The appellant had warned her not to tell anyone about the incident, however, Ms. Werfelmann called her boyfriend, and then she called the police. She then returned to her apartment and waited outside for her boyfriend and the police to arrive. When the police arrived, she told them

about the rape. The officers told her to go inside and gather some fresh clothes, and they then took her down to the station. While at the station, she gave another statement, and she gave them the clothes that she was wearing at the time of the attack. After looking at a photo lineup, she identified the appellant as her attacker. As the officers were taking Ms. Werfelmann home, and were passing the Greyhound bus station, she saw the appellant. The officers immediately stopped and arrested the appellant. Police later took hair and blood samples from Ms. Werfelmann.

At trial, Ms. Werfelmann again identified the appellant as the man who raped her. In addition, a forensic expert for the State, Michael Nowicki from the Arkansas State Crime Lab, testified that the semen stained samples taken from Ms. Werfelmann's clothing matched DNA samples taken from Mr. Walters. According to Mr. Nowicki, the probability of selecting a person at random from the Caucasian population with the same genetic profile was one in eighteen billion.

Walters moved for a directed verdict at the close of the State's case in chief, and he renewed his motion after informing the court that he would not testify. The trial court denied both motions. A Garland County jury convicted Walters of rape and sentenced him to life in prison. This appeal follows.

### Standard of Review

Motions for directed verdict are challenges to the sufficiency of the evidence. *Benson v. State*, No. CR 03-1095, slip op. (April 22, 2004), *Tester v. State*, 342 Ark. 549, 30 S.W.3d 99 (2000). When reviewing the denial of a directed verdict motion, the appellate court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the verdict and will affirm if there is substantial evidence to support the jury's conclusion. *Burmingham v. State*, 342 Ark. 95, 27 S.W.3d 351 (2000). Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or the other and permits the trier of fact to reach a conclusion without having to resort to speculation or conjecture. *Green v. State*, 355 Ark. 1, 977 S.W.2d 192 (1998).

### Directed Verdict

Walters first contends that there was insufficient evidence to support his conviction of rape. He claims that it would be physically impossible for a person to drag someone to the bed-

room, pull her shorts and panties down, fondle her breasts, and insert his fingers into her vagina while holding his hand over her mouth. He says that the victim alleged that he was trying to kiss her but that he was simultaneously holding his hand over her mouth. Finally, appellant points to other proof that he did not rape her: (1) none of Ms. Werfelmann's clothes were torn; (2) there were no signs of injury on either Ms. Werfelmann or the appellant; and (3) the furniture in her apartment was not in disarray. We find his argument unpersuasive.

■■■ In order to convict the appellant of rape, the State had to show that Walters engaged in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Ark. Code Ann. § 5-14-103(a)(1)(A) (Supp. 2003). The criminal code, as it existed at the time of the attack, defined rape as engaging in sexual intercourse or deviate sexual activity with another person by forcible compulsion. *See* Ark. Code Ann. § 5-14-103(a)(1) (Repl. 1997). In April 2001, the criminal code defined sexual intercourse as penetration, however slight, of the labia majora by a penis, and it defined "deviate sexual activity" as any act of sexual gratification involving the penetration, however slight, of the labia majora of one person by any body member or foreign instrument manipulated by another person. *See* Ark. Code Ann. § 5-14-101(1),(9) (Repl. 1997). "Forcible compulsion" meant physical force or a threat, express or implied, of death or physical injury to or kidnapping of any person. Ark. Code Ann. § 5-14-101(2)(Repl. 1997). It is well-established law that the uncorroborated testimony of a rape victim is sufficient to support a conviction if the testimony satisfies the statutory elements of rape. *Butler v. State*, 349 Ark. 252, 82 S.W.3d 152 (2002); *Williams v. State*, 331 Ark. 263, 962 S.W.2d 329 (1998); *Davis v. State*, 330 Ark. 501, 956 S.W.2d 163 (1997). Moreover, inconsistencies in the testimony of a rape victim are matters of credibility for the jury to resolve. *Id.* At trial, Ms. Werfelmann identified Walters as the person who raped her. In addition, she testified that Walters told her that if she screamed, he would kill her, and she stated that the reason she didn't try to fight him off was because she was too afraid. In addition to the victim's testimony, there was ample DNA evidence linking the appellant to the crime. Accordingly, we hold that the evidence presented at trial is sufficient to support the appellant's conviction, and we affirm the trial court on this point.

## Competence to Stand Trial

■ Finally, Walters claims that the testimony of the State's psychological expert, regarding the appellant's competency to stand trial, was not valid because he was biased and lacked the requisite medical credentials. Because Walters did not object to Dr. Simon's testimony and the consideration of his two psychological examinations at trial, the argument is not preserved for appeal. It is well settled that this court does not consider arguments that are raised for the first time on appeal. *Rodgers v. State*, 348 Ark. 106, 71 S.W.3d 579 (2002).

## Rule 4-3(h) Review

Because Walters received a sentence of life imprisonment without parole, the record has been reviewed for other reversible error, as required by Supreme Court Rule 4-3(h), and none has been found.

Affirmed.