## Hellems vs. The State.

The act of February, 17th, 1859, regulating the terms of the circuit courts of the sixth judicial circuit, and requiring the circuit court in Sevier county to be holden on the first Monday in February, must be construed as designed to operate upon the February terms of that court occurring after the passage of the act.

This court will not reverse a judgment in a criminal case, because some of the in_ structions, given at the instance of the State, were abstract, where it appears that the jury could not have been mislead nor the defendant prejudiced.

After the testimony for the defence has been closed, rebutting evidence may be ad- mitted on the part of the State, of witnesses who had not been put under the rule, whether they had or had not heard the previous testimony of the witnesses for the State—the objection would go to the credibility, not to the competency of such witnesses.

*Appeal from Sevier Circuit Court.*

Hon. L. B. Green, Circuit Judge.

Garland & Randolph for the appellant.

An act of the legislature takes effect from the first moment of the day of its passage. *U. S. vs. Williams et al., Paine's C. C. R.* 291 ; 20 *Verm.* 633 ; 1 *Bish. Cr. Law s.* 59.

Where a rule has been entered that witnesses withdraw, none can be examined unless they had been under the rule. 1 *Phil.* 268 ; *Barb. Cr. Trea.* 433 ; 1 *Hill S. C. R.* 254 ; 9 *Price* 4.

The true test of justification in homicide is whether the person assaulted reasonably apprehended death or great bodily harm. 2 *Bish. Cr. Law s.* 561; 11 *Humph.* 200.

Hollowell, Att'y Genl. contra.

No question is presented by the record as to the witnesses having been placed under the rule. Such fact is not therefore open to inquiry here. 4 *Ark.* 87; 15 *Ib.* 395.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

At a term of the circuit court of Sevier county, begun and held on the third Monday of February, 1859, being the 21st day of the month, the appellant Hellems was tried, and convicted of murder in the second degree, and sentenced to the penitentiary for five years.

It is insisted by the appellant that the court was held at a time not authorized by law, and that the trial and judgment were therefore *coram non judice etc.*

By act of 6th December, 1850, Gould's Digest, p. 306, the circuit court for Sevier county was required to be held on the third Mondays in Februaıy and August in each year.

On the 17*th* of *February,* 1859, an act was passed declaring that " the circuit courts of the sixth judicial circuit shall *hereafter* be holden as follows : to-wit : in the county of Sevier on the *first* Mondays in February and August in each year," etc. etc.

It was impossible for the court to be held, after the passage of the act, on the *first* Monday of February, 1859, because that day had passed before the date of the enactment. We cannot suppose that the legislature intended to inconvenience the public by cutting off one term of the court altogether. The act should not receive such an interpretation, if it is susceptible of a better. It contains no repealing clause, and we think it did not, by implication, repeal so much of the previous act as required the court to be held on the *third* Monday of February, 1859. In other words, that it was intended to operate upon the future February terms of the court, and did so operate.

This case differs from that of *Brumley vs. The State,* 20 *Ark.* 77, which occurred under that portion of the same act which relates to the time of holding the terms of the circuit court for Polk county, as may be seen by reference to that case.

On the merits of the case, we think there are no grounds for the reversal of the judgment of the court below refusing the appellant a new trial, as we held here before on an application for a supersedeas.

The appellant killed a young man by the name of Price, by stabbing him in the breast with a pocket knife. The deceased was some twenty-one or two years of age, the appellant was younger, not fully grown, but larger than the deceased. Some time previous to the fatal rencounter, the parties were on a tnrkey hunt together, when Price imposed upon appellant by taking his gun from him, and striking him with a stick; after which he several times threatened the life of Price. On the day of the killing, they met, and Price abused him in consequence of remarks he had heard that appellant had made about him. They were on opposite sides of a fence, appellant dared Price over the fence to fight, Price got over the fence, they rushed towards each other, and struck at the same time. Price striking appellant with his fist, and appellant striking him in the breast with a knife, which he had opened, and held in his hand when he dared Price to get over the fence, giving him a mortal wound, of which he died shortly after.

Upon all of the facts of the case, we think the jury were warranted in finding the appellant guilty of murder in the second degree, as they did.

It was objected, in the motion for a new trial, that the instructions given to the jury, by the court, were abstract, and some of them were perhaps subject to this objection, but we cannot conclude, upon the evidence, that the jury were misled, or that the appellant was prejudiced by them, especially when considered in connection with instructions given on his behalf.

After the appellant had closed his testimony, the court permitted the State to introduce rebutting witnesses, who had not been put under the rule, and this is made a ground of the motion for a new trial.

It is not stated in the bill of exceptions that these witnesses had heard the testimony of the other witnesses for the State. who had been put under the rule, and examined upon the trial. But if they had, the court had the discretion to admit them, and this went to their credibility, and not to their competency

14

*Pleasant vs. The State*, 15 *Ark*. 650; *Golden vs. The State*, 19 *Ib*. 600.

Our conclusion, upon the whole record, is that the judgment of the court below refusing the appellant a new trial should be affirmed.