No. 46,652

THE STATE OF KANSAS, *Appellee*, v. EDNA EDWARDS, JR., *Appellant*.

(498 P. 2d 53)

Opinion filed June 10, 1972.

*Lyle P. Baker,* of Sowers, Sowers, Carson and Johnston, of Wichita, argued the cause, and was on the brief for the appellant.

*Reese C. Jones,* Deputy County Attorney, argued the cause, and *Vern Miller,* Attorney General and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: The appellant Edna Edwards, Jr. was convicted of grand larceny of a Sony portable television set from a pawnshop. The record discloses that on February 28, 1970, at shortly past 11 a. m., the appellant walked into the 21st Street Pawnshop in Wichita. Jerry King, manager of the pawnshop, testified that on the day in question he observed appellant walk up to the front of the pawnshop, lay down a typewriter, wrap the electric cord around a television set, put it under his coat and leave the store. After appellant left the building King went outside, locked the door and went around to the parking lot where he observed appellant drive off in a blue-and-white Buick going north on Market street. There was another man driving the car. A customer obtained the license number of the car. King returned to the store, called the police and gave them a description of the automobile, a description of the property taken and also a description of the thief. The police stopped the vehicle and arrested appellant and John Patton. Appellant was charged with grand larceny (K. S. A. 21-533). He waived a jury

and was tried and convicted by the court. He brought a timely appeal to this court.

Appellant's first point on this appeal is that the state failed to sustain its burden of proof as to the value of the television set. Proof of a value of $50 or more was necessary in order to sustain a conviction of the offense of grand larceny. In regard to the value of the television set taken Jerry King testified that he had been manager of the 21st Street Pawnshop for a period of about two years. Prior to that time he had had experience working for himself, buying and selling television sets. The television set taken in the case at bar was admitted into evidence as state's exhibit No. 1. Jerry King identified the set and described its features with particularity. He testified that over the past two years he had taken in three or four television sets each day at the pawnshop and that he usually sells from one to five television sets per week. He testified that he was acquainted with the fair market value of television sets and that $69.95 would be the fair market value for the television set identified as state's exhibit No. 1. It is obvious that Jerry King was qualified to testify as an expert from his experience as a dealer in used television sets. His opinion was properly received into evidence to be considered by the court. This evidence was sufficient for the court to find that the value of the television set taken in this case was of a value of $50 or more which would make the offense grand larceny.

Appellant's next point is that the trial court erred in permitting Detective Alvin J. Thimmesch to testify after he was specifically allowed to remain in the courtroom and hear all the testimony of other witnesses and after a request had been made by the appellant and granted by the court that all witnesses be excluded from the courtroom while other witnesses were testifying. It is clear from the record that Detective Thimmesch did not testify on the state's case in chief but was permitted to testify only on rebuttal after appellant had testified. After the appellant moved to sequester the witnesses, the state informed the trial court that it did not contemplate utilizing Detective Thimmesch as a witness. It became necessary to use his testimony only after appellant had testified. It is the rule in this state that violation of a court's order for separation of witnesses does not disqualify a witness from testifying in the case, and the court, within its discretion, may admit his testimony. (*State v. Henderson,* 205 Kan. 231, 468 P. 2d 136; *State v. Smit,* 184 Kan.

582, 337, P. 2d 680). Under the circumstances here we hold that the trial court did not abuse its discretion in permitting Detective Thimmesch to testify on rebuttal.

The appellant's last point is that the trial court erred in reviewing the written report of Detective Thimmesch in its entirety and in not permitting the appellant to fully examine the entire report before proceeding with cross-examination of Detective Thimmesch. On direct examination Detective Thimmesch testified only in regard to his conversation with the appellant. After direct examination was completed appellant moved for production of the detective's report which he prepared after his conversation with appellant. The state objected to the state being compelled to disclose the report. The court required disclosure only of those portions of the report pertaining to appellant's testimony and refused to require the state to disclose the balance of the report. In order to accomplish this the court examined the report *in camera* as provided by K. S. A. 1971 Supp. 22-3213 (3) and required that certain portions be disclosed. The report in its entirety is included in the record on this appeal.

The thrust of appellant's argument is that the district court as the trier of facts sitting without a jury considered the contents of the entire report which did include portions not admitted into evidence and therefore he must have considered the contents of the entire report from the simple fact that he read it. Appellant expresses the fear that the court as trier of the facts was influenced by something in the report or by the way it was written. We have examined the full report of Detective Thimmesch and find nothing in it that would in any way be prejudicial in view of the direct evidence of guilt presented in this case on behalf of the state. We also are faced with a situation where there is nothing in the record which shows which portions of the report were furnished appellant's counsel and which portions were withheld. Furthermore, after the court examined the report *in camera,* there is no evidence to show that the trial court considered the excepted portions (whatever they were) in arriving at its finding of guilty in this case. Under all the circumstances we find appellant's contention without merit and not a valid basis for a reversal.

Since we find no error in the trial of appellant in the district court, the judgment is affirmed.