(706 P.2d 472)
No. 57,670

STATE OF KANSAS, *Appellee*, v. MARVIN HILL, *Appellant*.

Opinion filed September 19, 1985.

*Roger L. Sherman*, of Overland Park, for the appellant.

*Paul J. Morrison*, assistant district attorney, *Dennis W. Moore*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PARKS, P.J., REES, J. and JEROME HARMAN, C.J. Retired, assigned.

PARKS, J.: Defendant Marvin Hill appeals his jury conviction for burglary (K.S.A. 21-3715), theft (K.S.A. 21-3701), and attempted burglary (K.S.A. 21-3715 and 21-3301).

At trial, the State's principal witness, Ernest Heard, testified that defendant Hill waited nearby in Heard's car while Heard gained entry into a car and unlatched the T-tops. He testified that defendant then drove up and helped Heard remove the T-tops and load them into his car. Although admitting he had been with Heard earlier in the evening, defendant denied any involvement in the crime. He claimed to have been with Andre Louis at a residence in Missouri.

Defendant had endorsed as alibi witnesses Heard, Yvette Tinsley and Andre Louis but called only Louis as an alibi witness. The prosecution objected to Louis testifying because he had been in the courtroom after the court invoked the rule excluding or sequestering the witnesses. Louis admitted being in the courtroom on the second day of trial while testimony was being given, but he was not in the courtroom during defendant's testimony. The trial judge refused to allow Louis to testify solely because he had been present in the courtroom. Defendant contends that this was error and we agree.

Since the ancient times of *Davenport v. Ogg*, 15 Kan. *363, *365-66 (1875), it has been held to be error to exclude testimony

merely because the witness violated a sequestration order. See also *State v. Falk*, 46 Kan. 498 (1891); *Barber v. Emery*, 101 Kan. 314, 317, 167 Pac. 1044 (1917). The *Davenport* opinion held that, absent an indication that the party calling the witness had participated in the wrongdoing of the witness, the testimony should be allowed. *Davenport*, 15 Kan. at *366. The person violating the order may be punished through contempt proceedings, but their testimony is admissible unless a party to the action participated in the violation by the witness. *State v. Cantrell*, 234 Kan. 426, 431, 673 P.2d 1147 (1983). In addition, the court may exercise its discretion and limit the testimony of a witness who disobeys a sequestration order to matters which were not covered when the witness was improperly present in the courtroom. See, *e.g.*, *State v. Johns*, 237 Kan. 402, 699 P.2d 538 (1985).

In most of the recent cases, the Court has been concerned with whether the trial court erred in permitting a witness to testify despite his violation of a sequestration order. See, *e.g.*, *State v. Handley*, 234 Kan. 454, 673 P.2d 1155 (1983); *State v. Cantrell*, 234 Kan. at 429-31; *State v. Edwards*, 209 Kan. 696, 498 P.2d 53 (1972). However, in *State v. Carney*, 216 Kan. 704, 533 P.2d 1268 (1975), the defendant complained that the court erred in limiting the testimony of a proffered witness. The separation order was requested by the defendant, the witness had been listed as an alibi witness, the defendant and his counsel knew he was present in the courtroom and the proffered testimony involved matters upon which other witnesses had testified while the disobedient witness was present. Nevertheless, the trial court did not disqualify the witness from testifying altogether—he was permitted to testify concerning defendant's alibi but was not allowed to testify about matters upon which he had heard the testimony of others. The Supreme Court affirmed, holding that no abuse of discretion had been committed in confining the testimony of the witness. The Court emphasized that the knowledge and participation of defendant and his counsel in the witness' violation of the order was the determining factor in approving even a limited exclusion of the witness. *Carney*, 216 Kan. at 710. Thus, the *Carney* decision reaffirmed the principle of *Davenport* that a witness should not be automatically excluded from testifying because of his violation of a sequestration

order and that, indeed, the circumstances in which his testimony should even be circumscribed are limited.

Furthermore, the Court very recently cited *Carney* and summarized the rules regarding the violation of a sequestration order, stating as follows:

"Ordinarily where a witness violates a court order separating witnesses without the knowledge of the party or his counsel, the witness should be permitted to testify and it is only where the evidence shows that the party who desires to call the witness knew and participated in the violation of the separation order that the court should exclude the witness' testimony. *State v. Carney*, 216 Kan. 704, 533 P.2d 1268 (1975).

". . . Violation of a court order separating witnesses does not ordinarily disqualify a witness from testifying and the trial court, in its discretion, may admit the testimony. *State v. Handley*, 234 Kan. 454, 673 P.2d 1155 (1983)." *State v. Johns*, 237 Kan. 402, 406-07, 699 P.2d 538 (1985).

In disqualifying Louis from testifying as a witness, the trial court did not inquire into the knowledge or participation of defendant or his counsel. Furthermore, the court did not consider whether the witness' testimony could be limited to matters not discussed during the testimony observed in violation of the separation order. In short, the court concluded that the proposed witness was automatically disqualified from testifying without considering all of the circumstances of the violation and exercising its discretion. This was error. Defendant's counsel stated that he had not seen the witness in the courtroom and, on appeal, asserts that he and defendant had their backs to the spectators and were therefore unaware of Louis' presence. The State has not disagreed with this assertion. We conclude the witness should not have been disqualified from testifying.

The State contends that defendant failed to preserve his objection to the court's ruling refusing to allow Louis to testify because no proffer of the excluded testimony was made. K.S.A. 60-405. However, the court's ruling did not simply exclude evidence; Louis was disqualified from testifying. In *Davenport*, the court held that where the trial court excludes a witness because the witness, and not his evidence, is incompetent, it is not necessary to make a record of the witness' testimony. All that is necessary is that the particular reason given for the exclusion is insufficient; a violation of the separation order, without evidence of knowledge or connivance on the part of the defendant, is an

insufficient reason. 15 Kan. at *367-68. Therefore, defendant's failure to make a proffer was not fatal to his claim of error.

Finally, we must determine whether the erroneous exclusion of the witness Louis and his testimony was prejudicial to defendant. Louis was endorsed as an alibi witness. Thus, it is obvious that Louis was going to present alibi testimony material to a determination of guilt. Furthermore, other than the defendant, Louis was the sole defense witness. Consequently, it appears that the refusal to allow Louis to testify was highly prejudicial to defendant.

We conclude that the trial court erred in disqualifying Louis from testifying because he violated the court's sequestration order when there was no evidence that the witness' misconduct was with the knowledge or participation of defendant or his counsel. Defendant is entitled to a new trial as a result of this error.

Although our holding on the exclusion of the alibi witness compels a new trial, we turn to consider the other issue raised by defendant since he contends that two of the charges against him were multiplicitous and cannot both be lawfully prosecuted. The substance of defendant's argument is that since entry into the car was necessary for the theft of the T-tops, the same proof would be required for the burglary and theft charges such that the two merge.

Multiplicity is the charging of a single offense in several counts. It is prohibited because a single wrongful act cannot furnish the basis for more than one criminal prosecution. If each offense charged requires proof of a fact not required in proving the other, the offenses do not merge and are not multiplicitous. *State v. Roudybush*, 235 Kan. 834, 849, 686 P.2d 100 (1984). It is then rather obvious that the offenses of burglary and theft are independent and distinct. See *State v. Stoops*, 4 Kan. App. 2d 130, 136, 603 P.2d 221 (1979). Proof of an unlawful entry was required to establish a burglary but no such proof was required to show a theft. While it may be true that *someone* had to enter the car before the T-tops could be stolen, the prosecution did not have to establish that defendant was the person who did so in order to establish that he committed the charged theft. Similarly, it was not incumbent upon the State to show that defendant took actual control over the T-tops in order to establish the commis-

sion of a burglary. Thus, the separate charges for both burglary and theft were not multiplicitous and the trial court did not err in refusing to dismiss one of the charged offenses.

Reversed and remanded for a new trial.