Ruth Lucille WILLIAMS *v.* STATE of Arkansas

CR 84-45                                    712 S.W.2d 924

Supreme Court of Arkansas
Opinion delivered July 21, 1986

*Achor & Rosenzweig*, by: *Jeff Rosenzweig*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y

Gen., for appellee.

PER CURIAM. ▪ The appellant was convicted of robbery and was sentenced as an habitual offender to 23 years' imprisonment. The judgment was affirmed by the Court of Appeals. *Williams* v. *State*, 11 Ark. App. 11, 665 S.W.2d 299 (1984). In the last paragraph of the opinion the Court of Appeals found no merit in an objection to certain testimony introduced by the State on rebuttal, but the opinion implied that the testimony might have been excluded had the proper objection been made. That implication doubtless led to this petition, in which petitioner argues that counsel's failure to object amounted to ineffective assistance of counsel. We find no basis for ordering a hearing upon the matter, which can be fully determined on the record.

The facts, as developed before the jury, are simple. The appellant and her codefendant, Kenneth Parker, were tried separately. Both were known professional shoplifters. Parker stated on cross examination that he worked in his folks's construction business "when I am not stealing." Pictures of the appellant and of Parker were posted in the observation booth of the Safeway store where the robbery was committed. All employees knew them by sight.

On the day in question the head clerk, Bettis, saw the appellant when she entered the store. Bettis told Tucker, the assistant manager, he was going up to the observation booth to watch her. From that point he had a clear view of the appellant when she took six steaks and put them underneath her clothing. Bettis ran down to catch the appellant, who at once tried to run away. Bettis and Tucker grabbed her, but she fought back, biting Bettis's arm several times. Parker, the codefendant, then appeared and helped the appellant free herself. The two ran away and were arrested later.

The appellant and Parker both testified for the defense, denying that the appellant had taken anything. On direct examination Parker said that he had been arrested many times and always went with the arresting officer. On rebuttal the prosecutor called the court's bailiff, who testified that when he was a deputy sheriff four years earlier he had seen Parker shoplifting and told him he was under arrest, but Parker fled. The only objection to the bailiff's testimony was that he had been in

the courtroom during the trial. The Court of Appeals intimated a doubt about whether the bailiff's testimony was either relevant or proper for impeachment.

It is now argued that counsel's failure to make the proper objection amounted to ineffective assistance of counsel. For that conclusion to be reached it must be shown that counsel's failure to object undermined the adversarial process and so greatly prejudiced the appellant that she did not receive a fair trial. *Elmore* v. *State*, 285 Ark. 42, 684 S.W.2d 42 (1985).

We perceive no substantial prejudice. The State's proof of guilt was overwhelming, despite the defense testimony that the appellant was simply standing quietly in the store when the two employees seized her. Parker's credibility had already been demolished by his own admissions and his previous convictions for assault with intent to rob and for thefts. The fact that he had fled four years earlier when placed under arrest was actually irrelevant and certainly did not undermine the fairness of the appellant's trial. Counsel insists that the matter should be remanded for a hearing, but there is no suggestion of what testimony could be offered that is not already in the record. Such a hearing would be of no value to anyone.

Petition denied.

HOLT, C.J., not participating.