524 So.2d 850 (1988)
Joseph Craig HENDERSON, Plaintiff-Appellant,
v.
EASTMAN WHIPSTOCK PILOT, INC., et al., Defendants-Appellees.
No. 87-21.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
Writ Denied May 13, 1988.
Darrell J. Hartman, Richard J. Putnam, Jr., Abbeville, for plaintiff-appellant.
Allen, Gooch, St. Paul Bourgeois IV, Lafayette, for defendants-appellees.
Before GUIDRY and YELVERTON, JJ., and SWIFT, J. Pro Tem.[*]
YELVERTON, Judge.
Joseph Craig Henderson filed suit for damages for personal injuries against Eastman Whipstock Pilot, Inc. (Eastman). At the conclusion of the trial the jury returned a verdict in favor of Eastman. On its verdict form the jury indicated that Henderson assumed the risk of his own injury. From the judgment on the verdict, plaintiff appeals. The sole assignment of error is the failure of the trial judge to strike from the record the testimony of a defense witness who had allegedly violated a sequestration order. We find no error in this ruling and we affirm.
The salient facts are these. On December 10, 1982, Henderson, a truck driver, went to Eastman's pipe yard in Broussard, Louisiana, to pick up a load for transport to Wyoming. Among the items to be hauled was a packaged unit consisting of a wooden pallet, loaded with two crossover bit subs. The subs were nine and one-half inches in diameter. They were two and one-half to three feet long and weighed about five hundred pounds each. The subs, which were used to drill oil, were made of solid steel.
By the use of a fork lift the unit was placed on the edge of Henderson's truck. While the forklift operator, an Eastman employee, was positioning the unit on the truck, the back side of the wooden pallet collapsed, causing one of the subs, which were not secured to the pallet, to roll from the pallet onto the forks of the forklift. At this point Henderson, according to testimony, grabbed the rolling sub with his hand in an attempt to prevent the sub from falling to the ground. Henderson was injured when his hand was pinched between the sub and the fork of the forklift.
At the trial before the testimony began, the parties requested that the witnesses be sequestered, and the trial judge ordered sequestration. The defense presented two witnesses, both of whom were eyewitnesses: Howard Morgan, the forklift operator, testified in court, while the testimony of the other witness, Scott Worth, was presented via video deposition.
On cross examination Morgan testified that on two separate occasions, with the knowledge of defense counsel, he read a transcript of Worth's video deposition. Morgan testified that he reviewed the deposition once before trial and a second time after the trial had commenced.
*851 After this revelation counsel for the plaintiff moved that the testimony of Howard Morgan be stricken from the record. However, the court explained to the jury what had transpired and did not order the testimony stricken.
Henderson on this appeal urges with much conviction that the trial judge erred by not striking from the record the testimony of a witness who had violated a sequestration order. After an extensive review of the authority on the subject, as well as the record in this case, we conclude that no prejudicial error was committed.
Article 1631 of the Louisiana Code of Civil Procedure is the authority for sequestration of witnesses in a civil case. That article provides, in pertinent part:
On its own motion the court may, and on request of a party the court shall, order that the witnesses, other than parties, be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interest of justice, the court may exempt any witness from its order.
Sequestration serves the dual purpose of preventing the witnesses from being influenced by prior testimony and of strengthening the role of cross-examination. State v. Johnson, 343 So.2d 155 (La.1977). There is a paucity of decisions on the subject in civil cases and courts seek enlightenment from cases developed in the criminal sphere. Hopkins v. Department of Highways, 350 So.2d 1271 (La.App. 3rd Cir. 1977).
Not every violation of a sequestration order must result in a sanction, such as the exclusion of testimony. State v. Parker, 421 So.2d 834 (La.1982). The trial judge may, in his discretion, refuse to disqualify an errant witness or impose any other sanction for a violation if the purpose of the sequestration has not been thwarted, or if there is no evidence that the witness' testimony has been tainted. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983).
In the present case we do not believe that the violation, if any occurred, of the rule of sequestration affected the outcome of the trial. The first time Howard Morgan read the deposition was well before the commencement of the trial, and well before the witnesses were placed under the rule of sequestration. Also, it does not appear that he was present in court on the afternoon when the rule of sequestration was imposed, and based on the record it is probable that he completed a rereading of the deposition before he could reasonably have been made aware that the rule was in force. If Henderson's case was harmed by Morgan's reading of Worth's deposition, the harm was done by the first reading before the trial. The second reading, which was the technical violation complained of, could not likely have done any additional harm.
Looking to the totality of the circumstances, we do not believe that Henderson's case was hampered by this incident. There is no evidence in the record that Morgan's testimony was altered or tainted because he read the deposition. Morgan testified that nothing he read in Worth's deposition affected his recollection of how the accident happened.
For the above reasons the judgment of the trial court is affirmed, appellant to pay the costs of this appeal.
AFFIRMED.
NOTES
[*] Judge G. William Swift, Jr., Retired, Judge Pro Tempore.