(34 P.3d 82)
No. 86,147

STATE OF KANSAS, *Appellee*, v. ALFONZAL JONES, *Appellant*.

Opinion filed November 9, 2001.

*Shawn Minihan*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Bridget Schell*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, C.J., GREEN, J., and PADDOCK, S.J.

RULON, C.J.: Defendant Alfonzal Jones appeals his conviction for burglary, arguing that the prosecution presented insufficient evidence to support his conviction and that juror misconduct deprived him of a fair trial. We affirm.

The essential facts are undisputed and are as follows:

Returning home during the early morning hours of February 22, 1997, Rogelio Villanueva and his wife observed a stranger leaving their driveway. They noticed the stranger was looking into cars that were parked on the street; then Mrs. Villanueva noticed that the window of their Cadillac, parked in the driveway, was shattered. Rogelio asked his wife to call the police while he grabbed his handgun to confront the stranger.

By the time Rogelio emerged from the house, the stranger could no longer be seen, so Rogelio began to drive around the neighborhood looking for him. Rogelio found the stranger, who was subsequently identified as the defendant, a short distance from Rogelio's home, still looking into parked cars. Rogelio confronted the defendant, demanding that the defendant pay for his broken window. The defendant offered $50, which Rogelio refused. Eventually, Rogelio transported the defendant back to Rogelio's home and awaited the arrival of the police.

When interviewed by the police, the defendant consistently maintained that he did not break into the Cadillac. A screwdriver was found in his possession. Police theorized that the screwdriver may have been used to scratch the steering column of the Villanuevas' car.

The State charged the defendant with burglary, in violation of K.S.A. 21-3715(c), of which charge the defendant was subsequently convicted.

The defendant contends that he cannot be convicted of burglary of a motor vehicle under K.S.A. 21-3715(c) when the theft intended was of the same motor vehicle.

As charged in this case, burglary involves "knowingly and without authority entering into or remaining within any: . . . (C) motor vehicle . . . with intent to commit a felony, theft or sexual battery therein." K.S.A. 21-3715(c).

The defendant argues that by including "therein" within the statutory definition of the offense, the legislature distinguished an intent to commit a theft of a vehicle from the intent to enter a vehicle with the intent to commit some other crime. Essentially, the defendant contends that, because the entry of the vehicle was a necessary part of the theft of the vehicle, the "burglary" of the vehicle merges with the ultimate intent to commit a theft of the vehicle.

Whether a person may be convicted for burglary of a vehicle when the underlying crime supporting an essential element of the offense is the theft of the vehicle has not been addressed in Kansas.

Criminal statutes are to be strictly construed, which includes giving ordinary words their ordinary meaning. See *Matjasich v. State Dept. of Human Resources*, 271 Kan. 246, 252, 21 P.3d 985

(2001); *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998). "[T]herein" means simply "in that place" or "in that circumstance or respect." Webster's II New Riverside University Dictionary 1200 (1988).

K.S.A. 21-3107 provides, in pertinent part:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

(a) A lesser degree of the same crime;
(b) an attempt to commit the crime charged;
(c) an attempt to commit a lesser degree of the crime charged; or
(d) a crime necessarily proved if the crime charged were proved."

While distinguishable from the present case, *State v. Hill*, 10 Kan. App. 2d 607, 610, 706 P.2d 472 (1985), provides a useful insight into the particular question presented on this appeal. In *Hill*, the defendant was charged with burglary of a vehicle with the intent to steal the T-tops from the vehicle and with the theft of those T-tops. Rejecting the defendant's argument that proof of the theft necessarily proved the commission of the burglary, and therefore the charges were multiplicitous, this court held:

"Proof of an unlawful entry was required to establish a burglary but no such proof was required to show a theft. While it may be true that *someone* had to enter the car before the T-tops could be stolen, the prosecution did not have to establish that the defendant was the person who did so in order to establish that he committed the charged theft. Similarly, it was not incumbent upon the State to show that defendant took actual control over the T-tops in order to establish the commission of a burglary. Thus, the separate charges for both burglary and theft were not multiplicitous and the trial court did not err in refusing to dismiss one of the charged offenses." *Hill*, 10 Kan. App. 2d at 610-11.

Again, *Hill* is distinguishable because the defendant was taking a part of the car and not the entire car. However, the reasoning of the opinion is instructive because of this court's focus upon what the prosecution was required to prove. As in *Hill*, here, the evidence demonstrated that the defendant was required to enter the

vehicle to effect the intended crime. The *Hill* court did not focus upon what the evidence demonstrated, but what the prosecution was required to prove for each offense.

As a practical matter, the defendant in *Hill*, as well as the defendant here, was required to enter the vehicle without authority in order to effect his intent to steal a vehicle, in whole or in part. Yet, the nature of the defendant's entry into the vehicle was not an essential element the prosecution was required to prove to convict the defendant of theft or attempted theft. Burglary and theft or attempted theft of a motor vehicle are complete and distinct crimes, and the fact that one necessarily precedes the other does not demonstrate a merger of the offenses any more than a burglary of a house, although necessary to the completion of some offense inside the house, merges with that offense upon its completion.

We conclude, under Kansas law, that the defendant can properly be charged and convicted of burglary for entering a motor vehicle without authority with the intent to commit a theft of that motor vehicle. The jury's verdict was supported by sufficient evidence, and the conviction should be affirmed.

The defendant further contends he was deprived a fair trial due to juror misconduct in exerting undue pressure upon members of the jury who were in favor of acquittal. Upon review of a trial court's failure to grant the defendant a new trial based upon juror misconduct, the defendant bears the burden of proving that the misconduct substantially prejudiced his or her right to a fair trial. See *State v. Hammon*, 245 Kan. 450, 456, 781 P.2d 1063 (1989).

The alleged misconduct in this case pertained to a letter from a juror which claimed that members of the jury had coerced her into changing her vote and finding the defendant guilty of the charged offense.

As an initial matter, testimony concerning a juror's mental processes is inadmissible to attack a verdict under K.S.A. 60-441. See *State v. Franklin*, 264 Kan. 496, 498-99, 958 P.2d 611 (1998). The letter introduced by defense counsel and read into the record by the district court contains nothing but statements concerning a particular juror's mental processes. The juror in essence complains that she found the evidence inadequate to convict the defendant.

Importantly, the juror does not complain that other members of the jury used improper or undue methods of persuading her to change her opinion.

Undoubtedly, when a juror is in the minority, the majority will attempt to convince the minority to change its opinion. An attempt to persuade a person to vote differently than he or she feels may seem somewhat coercive, but an attempt to convince a minority member of the jury of the error of a position, while perhaps uncomfortable for the minority member, does not constitute juror misconduct.

Without proof of improper and undue coercion, the fact that a juror contends that he or she was obligated to vote against his or her better judgment demonstrates only that that particular juror is having second thoughts about the verdict. This is not a sufficient basis to order a new trial. See *State v. Johnson*, 27 Kan. App. 2d 921, 929, 11 P.3d 67, *rev. denied* 270 Kan. 901 (2000).

The defendant did not prove that he was prejudiced by juror misconduct, and the district court did not err in denying the defendant's motion for a new trial.

Affirmed.